UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JAQUELINE JOHNSON                                                                CIVIL ACTION

VERSUS                                                                                        NO. 12-25

THE CATO CORPORATION, ET AL.                                            SECTION "K"(3)

## ORDER AND REASONS

Before the Court are a Motion for Summary Judgment (Doc. 10) and the Supplement to Motion for Summary Judgment (Doc. 31) filed by The Cato Corporation ("Cato") seeking the dismissal of Jaqueline Johnson's claims arising out of her having tripped and fallen on a clothing rack at Cato's Fashion on December 15, 2010.[1] Cato maintains that it did not have actual or constructive knowledge of the alleged unreasonably dangerous condition, that the clothing rack in question did not contain any defects or vices and that the suit is prescribed. Plaintiff responds that summary judgment must be denied because defendant did have actual or constructive knowledge of a dangerous condition and therefore is liable for plaintiff's damages. Having reviewed the pleadings, memoranda, exhibits, deposition testimony and the relevant law, the Court finds that there are material questions of fact which preclude summary judgment and that the case is not prescribed.

**Background**

Jaqueline Johnson is a mail carrier who had delivered mail to the premises involved daily. On this day, she found clothing that she wanted to purchase and had asked a salesclerk to

---

[1]The date of the accident was alleged to have been December 11, 2010; however, subsequent filings make it clear that the accident occurred on December 15, 2010. (Doc. 28, Supplement to Motion for Summary Judgment, Exh. A, Customer Accident Report dated 12-15-2010).

hold the pieces she intended to buy. Returning later that day with her daughter, she entered the store, proceeded down an aisle towards a dressing room accompanied by a salesclerk with whom she was conversing. As she approached the dressing rooms, she allegedly tripped on the leg of a clothes rack that protruded into the aisle. Plaintiff contends that the rack was placed behind a wall in the entry way leading to the fitting rooms. Specifically, when asked at her deposition, where was the clothing rack positioned, she responded, "It was sticking out. I guess they should've turned it maybe to fit in the corner, but is was sticking out from the corner that was supposedly have been in right before I got to the entrance of the door to the dressing room." (Doc. 34, Exh. 1, Dep. of Johnson at 31; see also pp. 47-48). Her daughter attested in an affidavit that the rack was not in the aisle. Rather the clothing rack "was behind a wall, with the bottom legs sticking out and that it wasn't easily visible in the aisle." Plaintiff's daughter also stated that she saw an associate move the clothing rack and place items on the rack prior to her mother falling. (Doc. 34, Exhibit 1 at 17). Ms. Johnson seeks damages for her injuries.

**Standard for Motion for Summary Judgment**

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Stults v. Conoco*, 76 F.3d 651 (5th Cir.1996), citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 912-13 (5th Cir.), quoting *Celotex Corp. v. Catrett*, 477

U.S. 317, 323, 106 S.Ct. 2548, 2552-53, 91 L.Ed.2d 265 (1986). When the moving party has carried its burden under Rule 56, its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. The nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986); *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir.1995).

"A genuine issue of material fact exists 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.' " *Pylant v. Hartford Life and Accident Insurance* Company, 497 F.3d 536, 538 (5th Cir. 2007) quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Summary judgment evidence must be "viewed in the light most favorable to the nonmovant, with all factual inferences made in the nonmovant's favor." *Bazan ex rel Bazan v. Hildago County*, 246 F.3d 481, 489 (5th Cir. 2001), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 255, 106 S.Ct. at 2513.

> [C]onclusory statements, speculation, and unsubstantiated assertions cannot defeat a motion for summary judgment. The Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim.

*RSR Corporation v. International Insurance Company*, 612 F.3rd 851,857 (5th Cir. 2010).

**Premises Liability**

As this Court sits in diversity jurisdiction, the Court must apply the Louisiana statute which establishes the liability of a retail merchant who owes a "duty to persons who use his premises to exercise reasonable care to keep his aisles, passageways, and floors in a reasonably safe condition." La. Rev. Stat. 9:2800.6(A). Subsections B and C provide:

3

B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of his cause of action, all of the following:

(1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.

(2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.

(3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

C. Definitions:

(1) "Constructive Notice" means the claimant has proven that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. The presence of an employee of the merchant in the vicinity in which the condition exists does not, alone, constitute constructive notice, unless it is shown that the employee knew, or in the exercise of reasonable care should have known, of the condition."

La. Rev. Stat. 9:2800(B) and (C)(1).

The relevant inquiry was succinctly stated by Judge Barbier in *Latter v. Sears Roebuck and Co.*, 2004 WL 242479 (E.D.La Feb. 5, 2004), as follows:

> In determining whether a particular condition creates an "unreasonable risk of harm," a balancing test is employed. The fact finder must balance the gravity and risk of harm against the social utility and the cost to repair. Stated in another way, "the trier of fact must decide whether the social value and utility of the hazard outweigh, and thus justify, its potential harm to others." *Joseph v. City of New Orleans*, 842 So.2d 420, 423 (La. App. 4th Cir. 2003).

*Id.* at *3. In *Latter*, the central issue at trial was the exact arrangement of a folding table in relation to a nearby clothing rack at the time of the plaintiff's fall. The plaintiff there testified that as she was walking down the aisle in question, looking at a rack of ladies jeans, she saw a

4

folding table, but believed that she had sufficient space to pass between the table and the clothing rack. Nonetheless she tripped on a protruding leg of the table as she attempted to pass by it. The Court applying the above-noted balancing test, found that the folding table's position, protruding into the passageway and too close to the clothing racks, created a hazardous condition which had been created by Sears, and that the table's social utility was not outweighed by the risk of serious injury. Ultimately the court there found the defendant had created a hazardous condition and was liable for plaintiff's injuries, but found that plaintiff had been 25% comparatively at fault.

With this legal framework in mind, clearly, a genuine issue of material fact exists as to the location of the clothes rack and whether that position was dangerous. The Court has reviewed the entirety of the deposition of Jacqueline Jones and remains unable to determine precisely where the rack was located. While plaintiff stated that the rack "was in the aisle," and that it was in plain view, that testimony conflicts with her own description of where the accident occurred at page 31 of her deposition. She states, "I guess they should've turned it maybe to fit in the corner, but it was sticking out from the corner that is was supposedly have been in right before I got to the entrance of the door to the dressing room." (Doc. 34, Dep. of Johnson at 31).

The confusion is exacerbated by the undated affidavit of her daughter who was present at the accident in which she maintains that the rack was hidden from view because of its allegedly being behind a wall with its leg protruding in the aisle leading to the dressing room. That testimony conflicts with the affidavit of Janet Severan who was a Cato employee and who was also a witness of the accident. She avers that the rack was "on the left side of the fitting room entrance" which was to the left side of Cato's check out register. This statement leaves the

5

impression that the rack may not have been behind a wall. Then, there is the accident report which states, "Fell over clothes rack next to fitting room lost her balance and slid on the floor." (Doc. 31, Exh. "A" , Accident Report). This statement could indicate that indeed the rack may have been placed inside of the entrance to the fitting room area. Ms. Johnson also stated that where it happened was on "the edge of the carpet and the hard part of the floor." (Dep. of Johnson at 38). In a follow-up question, however, Ms. Johnson affirmed that "this was situated right before where the carpet meets a more hard surface."

Regardless of whether the rack were hidden or not, under the analysis in *Latter,* the Court cannot find as a matter of law that the condition was not dangerous. All of this testimony taken in a light most favorable to plaintiff could lead a reasonable fact finder to return a verdict for the nonmoving party as was demonstrated in the *Latter* case. A merchant is required to avoid creating a dangerous condition and placing a rack in the entrance way to a dressing room where the foot of that rack allegedly protrudes could be said to be a dangerous condition. Furthermore, there is evidence presented that Cato through an employee, just as in the *Latter* case, may have created the hazardous condition.[2] Thus, summary judgment must be denied as to liability.

**Prescription**

On September 28, 2012, after the initial motion for summary judgment had been filed, defendant raised the issue of prescription based on its contention that the accident occurred on

---

[2] While the Court notes that counsel for defendant sought to strike this affidavit as it was undated, the Court finds that its primary concern is to find the truth. Given the state of the law as delineated in *Latter* and the confusion and lack of clarity of plaintiff's deposition testimony, the Court remains convinced that summary judgment is inappropriate.

6

December 15, 2010 and that suit was filed a year and one day later on December 16, 2010. Thus, Cato contends that this suit is prescribed under the liberative prescription period of one year as provided by La. Civ. Code 3492 for delictual actions. Its contention is based on the date stamp of the filed petition being that of the 16th of December.

Plaintiff has responded by presenting the Court with a copy of a FAX cover sheet dated December 14, 2011, from Kathy Waguespack, the Clerk of Court for West Baton Rouge Parish concerning a suit captioned "Jaqueline Johnson vs. the Cato Corp, et al." A line denominated as "fax charges" is checked with the hand written statement "new suit/fax filing fees $300." This sheet is machine date stamped "Dec 14 2011 08:52 am." from the "WBR CLERK OF COURT."

Clearly, the state court system provides for the filing of any paper in a civil action by facsimile transmission. La. Rev. Stat. § 850. In addition, the statute states unequivocally, "Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court." La. Rev. Stat. § 850(A). The above-noted FAX cover sheet appears to fit within the statutory scheme. Subsection B of the same statute then provides that within five days thereafter, exclusive of legal holidays, the filing party must forward to the clerk (1) the original signed document, (2) the applicable filing fee, if any, and (3) a transmission fee of five dollars. La. Rev. Stat. § 850(B). The petition is date stamped December 16, 2010. Clearly then plaintiff's counsel adhered to the provision of this statute. The suit was timely filed on December 14, 2011 and "clocked in" on December 16, 2011. Had payment not been made, the Court assumes that this matter would not have been docketed and its removal by defendant would not have been possible. Accordingly,

7

**IT IS ORDERED** that the Motion for Summary Judgment (Doc. 10) and the Supplement to Motion for Summary Judgment (Doc. 31) are **DENIED**.

**IT IS FURTHER ORDERED** that the Request for Oral Argument (Doc. 13) is **DENIED** as moot.

New Orleans, Louisiana, this 16th day of October, 2012.

　　　　　　　　　　　　　　　　　　　　　　　　　／s／
　　　　　　　　　　　　　　　　　　　　**STANWOOD R. DUVAL, JR.**
　　　　　　　　　　　　　　　**UNITED STATES DISTRICT COURT JUDGE**